1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AKIKA PARKER,                              No. 2:16-cv-1926-GEB-KJN PS

12                     Plaintiff,

13          v.                                   ORDER

14    SACRAMENTO COUNTY POLICE
      DEPARTMENT, et al.,
15

16

17                     Defendants.

18

19          Plaintiff Akika Parker, who proceeds without counsel in this action, has requested leave to

20    proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 4.)  Plaintiff's amended

21    application in support of her request to proceed *in forma pauperis* makes the showing required by

22    28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

23          The determination that a plaintiff may proceed *in forma pauperis* does not complete the

24    required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

25    time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

26    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

27

28    _____

      [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

                                                    1

1  an immune defendant.

2       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.

7       To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

8  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

9  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

10  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

12  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

13  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

15  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

16  the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

17  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

18  Rhodes, 416 U.S. 232, 236 (1974).

19       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

20  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

21  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*

22  *pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll

23  v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th

24  Cir. 1984).

25       In this case, plaintiff's complaint is rambling, confusing, and in parts unintelligible.

26  Liberally construed, plaintiff appears to allege that she got into some type of dispute with the

27  tenants or co-tenants at her residence, Edward Wright and Kara Ann Thompson; that she was

28  physically attacked by Mr. Wright and Ms. Thompson; that the police were called as a result of

1   the altercation; that the police only listened to Mr. Wright and Ms. Thompson, and not to

2   plaintiff's version of the story; and that the police ultimately removed plaintiff from the residence.

3   According to plaintiff, she was also arrested and ultimately pled no contest to misdemeanor

4   trespassing so that she could get out of jail, even though she had a right to be present at the

5   residence.  She appears to name the "Sacramento County Police Department" and the Sacramento

6   County Sheriff as defendants, although it is unclear exactly what legal claim(s) are being asserted.

7   For the reasons discussed below, plaintiff's complaint is subject to dismissal.

8        As an initial matter, plaintiff's complaint is ambiguous as to which police agency was

9   involved in the incident, i.e., whether it was the City of Sacramento Police Department or the

10  Sacramento County Sheriff's Department.  In order to potentially direct service of process on the

11  proper defendant, the court must know which specific police agency was involved.

12       More fundamentally, plaintiff's complaint fails to allege facts from which the court can

13  draw a reasonable inference that the defendants are liable for any misconduct.  The mere fact that

14  the police responded to the incident, removed plaintiff from the residence, and arrested plaintiff,

15  without more, does not in itself give rise to any cognizable claim.

16       Therefore, the court dismisses plaintiff's complaint, but with leave to amend.  If plaintiff

17  elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall be

18  typed or written in legible handwriting; shall address the deficiencies outlined in this order; and

19  shall be filed within 28 days of this order.

20       Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order

21  to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended

22  complaint be complete in itself without reference to any prior pleading.  As a general rule, an

23  amended complaint supersedes the original complaint, and once the first amended complaint is

24  filed, the original complaint no longer serves any function in the case.

25       Finally, nothing in this order requires plaintiff to file a first amended complaint.  If

26  plaintiff determines that she is unable to amend her complaint in compliance with the court's

27  order at this juncture, she may alternatively file a notice of voluntary dismissal of her claims

28  without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of

1   this order.

2       Accordingly, IT IS HEREBY ORDERED that:

3       1. Plaintiff's amended motion to proceed *in forma pauperis* (ECF No. 4) is granted.

4       2. Plaintiff's complaint is dismissed with leave to amend.

5       3. Within 28 days of this order, plaintiff shall file either a first amended complaint in

6          compliance with this order or a request for voluntary dismissal of the action without

7          prejudice.

8       4. Failure to timely comply with this order may result in dismissal of the action with

9          prejudice pursuant to Federal Rule of Civil Procedure 41(b).

10      IT IS SO ORDERED.

11  Dated:  October 12, 2016

12

13                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4