1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

AKIKA PARKER,

No.  2:16-cv-1926-GEB-KJN PS

12
            Plaintiff,

13
      v.

FINDINGS AND RECOMMENDATIONS

14
SACRAMENTO COUNTY POLICE
DEPARTMENT, et al.,

15

16
            Defendants.

17

18
        Plaintiff Akika Parker, proceeding without counsel, commenced this action on August 15,

19
2016.  (ECF No. 1.)[1]  On October 12, 2016, the court granted plaintiff's amended motion to

20
proceed *in forma pauperis*, and dismissed her complaint with leave to amend.  (ECF No. 5.)

21
Plaintiff was given 28 days to file either an amended complaint or a notice of voluntary dismissal

22
of the action.  (Id.)  Additionally, plaintiff was expressly cautioned that failure to file either an

23
amended complaint or a notice of voluntary dismissal by the required deadline may result in

24
dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)

25
        After plaintiff failed to file either an amended complaint or a notice of voluntary dismissal

26
by the required deadline, the court considered whether the action should be dismissed.

27

28
[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

1   Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the

2   merits, the court first attempted lesser sanctions by issuing an order to show cause and, given that

3   plaintiff is proceeding *in forma pauperis*, imposing minimal monetary sanctions.  More

4   specifically, in a November 22, 2016 order, the court directed plaintiff, within 21 days, to: (1) pay

5   the Clerk of Court $100.00 in monetary sanctions for failure to comply with the court's order;

6   (2) show cause in writing why this action should not be dismissed with prejudice pursuant to

7   Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with the court's order

8   and failure to prosecute the case; and (3) file a first amended complaint in compliance with the

9   court's October 12, 2016 order.  (ECF No. 8.)  Plaintiff was again cautioned that failure to

10   comply with all terms of the order would result in dismissal of the action with prejudice pursuant

11   to Federal Rule of Civil Procedure 41(b).

12        Although that new deadline has now long passed, plaintiff failed to pay the monetary

13   sanctions, failed to respond to the order to show cause, and again failed to file a first amended

14   complaint.  Therefore, at this juncture, the court finds that dismissal of the action is appropriate.

15        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

16   with these Rules or with any order of the Court may be grounds for imposition by the Court of

17   any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

18   Moreover, Eastern District Local Rule 183(a) provides, in part:

19        Any individual representing himself or herself without an attorney
     is bound by the Federal Rules of Civil or Criminal Procedure, these
20        Rules, and all other applicable law.  All obligations placed on
     "counsel" by these Rules apply to individuals appearing in propria
21        persona.  Failure to comply therewith may be ground for dismissal,
     judgment by default, or any other sanction appropriate under these
22        Rules.

23   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

24   same rules of procedure that govern other litigants") (overruled on other grounds).  A district

25   court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to

26   Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

27   fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

28   rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

sua sponte to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>
<u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action
pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute
or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52,
53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground
for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir.
1986) (per curiam) (stating that district courts have inherent power to control their dockets and
may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to
prosecute, failure to comply with a court order, or failure to comply with a district court's local
rules.  <u>See, e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its docket; (3) the risk of prejudice to
> the defendants; (4) the public policy favoring disposition of cases
> on their merits; and (5) the availability of less drastic alternatives.

<u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002); <u>Ghazali</u>, 46
F.3d at 53.  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of
conditions precedent before the judge can do anything, but a way for a district judge to think
about what to do."  <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226
(9th Cir. 2006).

Here, the first two <u>Ferdik</u> factors strongly support dismissal.  Plaintiff's repeated failure to
comply with the court's orders and deadlines suggests that plaintiff is not interested in seriously
prosecuting the action, and/or does not take her obligations to the court and defendants seriously.[2]

---

[2] Although the court's October 12, 2016 and November 22, 2016 orders have not thus far been
returned as undeliverable, the court notes that at least one prior order was returned as
undeliverable.  Nevertheless, it is plaintiff's obligation to keep the court informed of her current
address, and service of the court's orders at the address on record was effective absent the filing
of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing
attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any

1   Therefore, any further time spent by the court on this case will consume scarce judicial resources

2   and take away from other active cases.

3        The third <u>Ferdik</u> factor, prejudice to a defendant, also slightly favors dismissal.  To be

4   sure, defendants have not yet appeared in the action, but plaintiff's unreasonable delay in

5   prosecuting this action cannot be said to be without consequences.  With the passage of time,

6   evidence becomes stale and/or unavailable, making it more difficult to assess a case and mount a

7   potentially viable defense.

8        The fifth <u>Ferdik</u> factor, which considers the availability of less drastic measures, also

9   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

10   are less drastic than dismissal by issuing an order to show cause and imposing minimal monetary

11   sanctions, providing an additional opportunity to file an amended complaint, and clearly warning

12   plaintiff of the consequences of failing to comply with the court's orders.  However, plaintiff

13   entirely failed to respond to the court's order, and did not even request an extension of time to

14   comply.  At this juncture, the court finds no suitable alternative to recommending dismissal of the

15   action.  Plaintiff has already failed to pay minimal monetary sanctions; she would likely be

16   unable to pay increased monetary sanctions given her financial status; and, based on the limited

17   record before the court at this stage of the proceedings, the court also cannot properly fashion any

18   issue or evidentiary sanctions.

19        The court recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor,

20   which addresses the public policy favoring disposition of cases on the merits.  However, the

21   fourth <u>Ferdik</u> factor is outweighed by the other <u>Ferdik</u> factors.  Indeed, it is plaintiff's own failure

22   to comply with court orders that precludes a disposition on the merits.

23        Therefore, after carefully evaluating and weighing the <u>Ferdik</u> factors, the court concludes

24   that dismissal is appropriate.

25        Accordingly, IT IS HEREBY RECOMMENDED that:

26        1.  The action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure

27

28   change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

41(b).

    2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  December 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5